UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT E. TREACY and PATTY J. TREACY,**

    Plaintiffs,

v.    Case No: 5:18-cv-92-Oc-30PRL

**CHRISTOPHER MANSFIELD, SHANNON MANSFIELD and JOHN/JANE DOE**

    Defendants.

## REPORT AND RECOMMENDATION[1]

This removal action is before the Court for consideration of Defendant Christopher Mansfield's Motion to Proceed *in Forma Pauperis* (Doc. 2). Upon referral I submit that Defendant's motion should be denied and that this action should be remanded, as removal to this Court was improper.

### I.    BACKGROUND

A review of the docket reveals that this case arises out of a routine landlord tenant matter in County Court in and for Citrus County, Florida, Case No.: 2018-CC-83. On February 5, 2018, the Citrus County Court issued an "Unlawful Detainer Summons/Residential" to be served upon

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Defendants notifying them that they were being sued by Plaintiffs Robert E. and Patty J. Treacy to require Defendants to move out of a residence at 9710 South Berkshire Avenue, Inverness, Citrus County, Florida. (Doc. 1-1). And, public records of the County Court in and for Citrus County reflect that a final judgment of possession was entered on February 20, 2018 in favor of Plaintiffs and against Defendants. (Case. No. 2018-CC-83, Doc. 18, available at www.citrusclerk.org.)

The next day, on February 21, 2018, in an apparent attempt to thwart or stall the proceedings in state court, *pro se* Defendant Christopher Mansfield initiated this case by filing the Notice of Removal (Doc. 1). Defendant purports to remove this action pursuant to 28 U.S.C. § 1441 alleging that the pleadings in the underlying state court action "fail to allege compliance with the Civil Rights Act of 1968." (Doc. 1, p. 2). Defendant also requests leave to proceed *in forma pauperis*. (Doc. 2).

## II. LEGAL STANDARDS

It is "by now axiomatic that the inferior federal courts are courts of limited jurisdiction," empowered "to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Company,* 168 F.3d 405, 409 (11th Cir. 1999). A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman International Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). District courts have original jurisdiction over diversity cases, pursuant to 28 U.S.C. §1332, and matters arising under federal law, pursuant to 28 U.S.C. §1331. *Id.* Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the

evidence that the action was properly removed. Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly and doubts about jurisdiction should be resolved in favor of remand to state court. *University of South Alabama*, 168 F.3d at 411. Indeed, "[a] presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.*

Procedurally, removal is governed by Title 28 U.S.C. §1446(b), which creates two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order or other paper. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007). In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal." *Id.* at 1212-13.

Moreover, at any time, the Court may review *sua sponte* whether it possesses subject matter jurisdiction over an action before it. *See University of South Alabama*, 168 F.3d at 409–11 (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction). In the case of a removal action, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came. 28 U.S.C. § 1447(c).

**III.   DISCUSSION**

It is readily apparent that this case is <u>not</u> properly pending in this Court. Defendant's attempted removal to this court is an improper collateral attack on the state court's proceedings

and final judgment of possession and, therefore, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.[2] Thus, remand is warranted.

Under 28 U.S.C. § 1257(a), federal review of state-court judgments may only occur in the United States Supreme Court. Thus, district courts lack jurisdiction to review final state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983). The *Rooker–Feldman* doctrine "makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine applies to claims that were actually raised in the state court and those "inextricably intertwined" with that state judgment. *Id.* Where a party did not have a "reasonable opportunity to raise his [or her] federal claim in state proceedings[,]" however, the doctrine does not apply. *Id.*

Indeed, the Eleventh Circuit has held that federal courts are not the proper venue for appealing state court judgments, particularly in landlord-tenant disputes. *See Christophe v. Morris*, 198 F. App'x 818, 825 (11th Cir. 2006) (affirming district court's dismissal of claims that challenged state court's ruling in landlord-tenant matter and observing that the claims were barred by the *Rooker-Feldman* doctrine). In this case, Defendant's removal is a thinly veiled attempt to challenge or thwart the state court's judgment. Because this Court lacks subject matter jurisdiction, this action must be remanded.

---

[2] *Rooker v. Fidelity Trust Co.*, 236 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## IV.  RECOMMENDATION

Accordingly, upon due consideration, I respectfully recommend that Defendants' Motion to Proceed *in Forma Pauperis* (Doc. 2) be **DENIED**, and this case be **REMANDED** pursuant to 28 U.S.C. § 1447(c).

**DONE** and **ORDERED** in Ocala, Florida on February 27, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties